IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE MIALE,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>            Defendant. | 2:21-CV-00702-CCW |

**MEMORANDUM OPINION**

Before the Court is Defendant Nationwide Insurance Company of America's ("Nationwide") Motion to Dismiss Plaintiff Rose Miale's ("Ms. Miale") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 7. For the reasons that follow, Defendant's Motion will be **GRANTED**.

**I.    Background**

On April 30, 2021, Ms. Miale filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against Nationwide. ECF No. 1 ¶ 7; *see also*, ECF No. 1-1. Nationwide timely removed the case to this Court on May 26, 2021 on the basis of diversity jurisdiction. 28 U.S.C. § 1446(d); ECF No. 1. In its notice of removal, Nationwide alleges that there is complete diversity because Nationwide is a citizen of Ohio and Ms. Miale is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; ECF No. 1 ¶¶ 3-16.

Ms. Miale's husband, Ernst D. Miale II, was operating his motorcycle when he was killed

by an intoxicated driver in August 2020. ECF No. 1-4 ¶ 5. Following her husband's death, Ms. Miale, acting as administrator of her husband's estate, filed a claim for all underinsured motorist benefits available under three policies: the Auto Policy,[1] the Motorcycle Policy,[2] and the RV Policy (together, the "Policies").[3] *Id.* ¶¶ 6–8. State Farm, the liability insurance carrier for the tortfeasor, offered $100,000 under its policy and Nationwide consented to the settlement and waived subrogation against the tortfeasor. *Id.* ¶ 9. Between approximately January 19, 2021 and March 19, 2021, Ms. Miale and her counsel interacted with Nationwide's employees and counsel regarding the available coverage under each of the Policies. *Id.* ¶¶ 10–23. Nationwide confirmed that it was able to offer $200,000 on the Auto Policy and $100,000 on the Motorcycle Policy; however, Nationwide denied coverage under the RV Policy on the basis that Mr. Miale had signed a rejection of stacking form (the "RV Policy Stacking Waiver") and "was therefore not entitled to inter-policy stacking which would allow recovery of underinsured motorists benefits available on the RV Policy to be stacked on the underinsured motorists benefits available under the Auto Policy and the Motorcycle Policy." *Id.* ¶¶ 16–18. Nationwide relied on a Pennsylvania Supreme Court Case, *Craley v. State Farm Fire and Cas. Co.*, 895 A.2d 530 (Pa. 2006), in denying coverage under the RV Policy. *Id.* ¶ 19.

Ms. Miale's counsel requested that Nationwide reconsider its denial and contended that the RV Policy Stacking Waiver rejected only *intra*-policy stacking under the RV Policy and did not prohibit *inter*-policy stacking among the Policies. *Id.* ¶¶ 20–21. Ms. Miale alleges that Nationwide refused to reconsider the request and has made no offers or payments under the RV

---

[1] Personal Automobile Policy No. 5837J 136529. ECF No. 1-4 ¶ 7(a). Defendant notes that this policy was issued by Nationwide Mutual Insurance Company, which is not a defendant in this case. ECF No. 8 at 2 n.1.
[2] Recreational Vehicle Policy No MSN0058825602. ECF No. 1-4 ¶ 7(b). Defendant notes that this policy was issued by Nationwide Mutual Insurance Company, which is not a defendant in this case. ECF No. 8 at 2 n.2.
[3] Recreational Vehicle Policy No. RVN 0074494156. ECF No. 1-4 ¶ 7(c).

Policy, which contains a $50,000.00 policy limit for underinsured motorists bodily injury coverage. *Id.* ¶¶ 22–23.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under the notice pleading standard imposed

by Federal Rule of Civil Procedure 8, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

In deciding a "motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). However, as an exception, a district court can consider "a document integral to or explicitly relied upon in the complaint, [such as]… an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Borough of Moosic v. Darwin Nat'l Assurance Co.*, 556 F. App'x 92, 95 (3d Cir. 2014) (internal citations and quotations omitted); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that the rationale for this exception is that "the plaintiff obviously is on notice of the contents of the document.")

**III.  Analysis**

Ms. Miale alleges that Nationwide breached its contract by wrongfully denying coverage and refusing to pay underinsured coverage pursuant to the RV Policy or reasonably negotiate or settle Ms. Miale's claims (Count I) and acted in bad faith by refusing to adjust, evaluate and negotiate Ms. Miale's claims for underinsured motorists coverage benefits under the RV Policy (Count II).  *Id.*  ¶¶ 24–32.

Ms. Miale contends that the RV Policy Stacking Waiver upon which Nationwide based its rejection was a rejection of only *intra*-policy stacking under the RV Policy. ECF No. 1-4 ¶ 20. According to Ms. Miale, nothing in the RV Policy prohibited *inter*-policy stacking and thereby prevented Ms. Miale from recovering under the RV Policy in addition to the Auto Policy and the Motorcycle Policy. *Id.*

In analyzing Defendant's Motion to Dismiss, the Court may consider the RV Policy and the RV Policy Stacking Waiver as documents integral to and explicitly relied upon in the complaint. ECF No. 1-4 ¶ 18 (alleging that Nationwide denied coverage under the RV Policy because Mr. Miale had signed an MVRFL-compliant rejection of stacking form); *see* ECF No. 1-5 (RV Policy); ECF No. 8-1 (Rejection of Stacked Underinsured Motorist Coverage Form).

### A. Insurance Stacking Under Pennsylvania Law

Under Pennsylvania law, which neither party disputes applies here, there are two types of insurance stacking: *inter*-policy stacking and *intra*-policy stacking. *Inter*-policy stacking "occurs when an insured aggregates coverage under one policy issued by a carrier with one or more other policies issued by that carrier," whereas *intra*-policy stacking "occurs when an individual combines the insurance coverage of individual vehicles within their policy." *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 228 n.12 (E.D. Pa. 2019) (internal citations and quotations omitted).

Section 1738 of Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL") provides for stacking of uninsured and underinsured benefits in motor vehicle insurance policies. 75 Pa. Cons. Stat. Ann. § 1738(a). An insured may waive stacking of such benefits in exchange for reduced insurance premiums. 75 Pa. Cons. Stat. Ann. § 1738(b). The Pennsylvania Supreme Court has found that the waiver provision of the MVFRL—§ 1738(b)—allows for the waiver of both *intra-* and *inter*-policy stacking. *Craley v. State Farm Fire and Casualty Co.*, 895 A.2d 530,

536-40 (Pa. 2006).  And, § 1738(d) of the MVFRL sets forth required form language for a valid waiver, or rejection, of stacking.  75 Pa. Cons. Stat. Ann. § 1738(d)–(e).

However, the Pennsylvania Supreme Court has found that § 1738(d) by its terms references only waivers of *intra*-policy stacking because the form language prescribed by § 1738(b) specifically refers only to a waiver of benefits under "the policy" (as opposed to multiple *policies*); as such, a waiver in the form prescribed by § 1738(d) is insufficient on its own to establish a valid waiver of *inter*-policy stacking.  *Craley*, 895 A.2d, at 541;  *see also*, *Donovan v. State Farm Mut. Auto. Ins. Co.*, 392 F. Supp. 3d 545, 550 (E.D. Pa. 2019) (noting that the required § 1738(d) language "cannot standing alone suffice to waive inter-policy stacking, because, by definition, inter-policy stacking involves more than one policy.").  Instead, for a waiver of *inter*-policy stacking to be valid, the Pennsylvania Supreme Court held in *Craley* that, at a minimum, "some form of knowing waiver [of *inter*-policy stacking] must occur before [the] enforcement of an inter-policy stacking waiver."  895 A.2d, at 541.

Applying this statutory framework, the Pennsylvania Supreme Court in *Craley* concluded that a knowing waiver of inter-policy stacking had occurred in that case because the policy associated with the stacking waiver covered only one vehicle.  *See id.* at 542.  In other words, when only one vehicle is covered by a policy, *intra*-policy stacking is impossible;  thus "the only interpretation fairly available to [an individual in the *Craley*-insured's position] was that [the] premium-reducing waiver applied to inter-policy stacking.  Therefore, … the waiver is valid and enforceable under the facts of this case."  *Id.* at 542.

### B.  The Parties Disagree on the Scope of *Craley*'s Holding

Nationwide contends that Mr. Miale knowingly and voluntarily rejected inter-policy stacking because he signed a stacking waiver—the RV Policy Stacking Waiver—that (1) complies

with requirements of the §1738(d) of the MVFRL and (2) applies to a policy that covers only one vehicle. ECF No. 8, at 2–3, 6–8; ECF No. 12, at 1–2. Thus, Nationwide asserts that Ms. Miale's breach of contract claim fails as a matter of law because Nationwide did not breach the RV Policy when Nationwide refused to pay underinsured benefits from the RV Policy. *Id.*

Ms. Miale contends that there is no "automatic" waiver of inter-policy stacking in this case, because this Court, like the Pennsylvania Supreme Court in *Craley,* must analyze the facts and circumstances of the case to determine whether the insured knowingly and intentionally waived *inter*-policy stacking by signing the waiver form. ECF No. 11 at 5–7. Thus, Ms. Miale maintains that she has stated a claim for which relief can be granted, because *Craley*'s potential application to the facts in this case does not constitute proper grounds for dismissal. *Id.*

### C. Ms. Miale Fails to State a Claim for Breach of Contract

Ms. Miale concedes that the *Craley* stacking waiver form is the same as the RV Policy Stacking Waiver that Mr. Miale signed. ECF No. 11 at 6; *compare* § 1738(d) *with* ECF No. 8-1. And, the RV Policy Stacking Waiver executed by Mr. Miale for his single-vehicle RV Policy followed the form set forth in § 1738(d). ECF No. 1-5 (listing one vehicle); ECF No. 8-1. Per *Craley*, when an insured only has one vehicle on the policy, signing a waiver that complies with § 1738(d) provides a sufficient notice and knowingly waives inter-policy stacking. *Craley*, 895 A.2d, at 541–42.

Ms. Miale points to *Donovan v. State Farm Mut. Auto. Ins. Co.* as reiterating the requirement that a court must analyze the facts and circumstances of the case before deciding that a stacking waiver form following the § 1738(d) language is a valid waiver of inter-policy stacking. ECF No. 11 at 6. However, *Donovan* presents a different scenario than *Craley*, namely, whether, in the case of a multiple-vehicle policy, inter-policy stacking is knowingly waived by a waiver in

7

the form prescribed by § 1738(d). *Donovan*, 392 F. Supp. 3d, at 550–51. Indeed, the Eastern District of Pennsylvania in *Donovan* distinguished the *Donovan* fact pattern from *Craley*'s, finding that "because the insured [in *Craley*] had only one vehicle listed on the policy under which stacked benefits were sought, the premium reduction he acknowledged receiving could not be for a waiver of stacking under that policy, but necessarily must have referred to a waiver of inter-policy stacking." *Id.*, at 550. Following the Eastern District's decision in *Donovan,* the Third Circuit certified to the Pennsylvania Supreme Court the question of "whether an insured's signature on the waiver form mandated by 75 Pa.C.S. § 1738(d) results in the insured's waiver of inter-policy stacking … where the relevant policy insures multiple vehicles." *Donovan v. State Farm Mut. Auto. Ins. Co.*, 256 A.3d 1145, 1146 (Pa. 2021). In answering that question, the Pennsylvania Supreme Court reaffirmed *Craley*'s holding and stated that the language of §1738(d) "does not provide the necessary knowing waiver of inter-policy stacked coverage, *absent the single-vehicle situation in Craley.*" *Id.*, at 1157 (emphasis added).

Like the insured in *Craley*, Mr. Miale could not have thought he was receiving a reduced premium for waiving intra-policy stacking because the RV Policy at issue here covered only one vehicle. *See Venturato v. State Farm Mut. Auto. Ins. Co.*, No. 4:18-CV-1243, 2018 U.S. Dist. LEXIS 182276, at *4–11 (M.D. Pa. Oct. 24, 2018). The only possible interpretation is that the premium-reducing RV Policy Stacking Waiver applied to inter-policy stacking. *Id.*

Ms. Miale further contends that, in accordance with *Twombly/Iqbal*, she is not required to prove her case in her Complaint, but must simply plead factual allegations which, if accepted as true, state a claim for relief that is plausible on its face. ECF No. 8 at 7. Accepting her allegations as true, however, she cannot make out a plausible claim for breach of contract in light of the Pennsylvania Supreme Court's decision in *Craley*, and it is appropriate for the Court to dismiss

her claim. *See Venturato*, 2018 U.S. Dist. LEXIS 182276 at *10–12 (dismissing a complaint for failure to state a claim pursuant to a valid waiver of stacking on a single vehicle policy). The Court will not grant leave to amend, because amendment would be futile. *Id.*

### D. Ms. Miale Fails to State a Claim for Bad Faith

In Count II, Ms. Miale brings a bad faith insurance practice claim under 42 Pa. Cons. Stat. Ann. § 8371, alleging that Nationwide acted in bad faith when it denied coverage under the RV Policy due to the RV Policy Stacking Waiver in accordance with *Craley*.[4] ECF No. 1-4 ¶¶ 26–32. Nationwide seeks dismissal of Ms. Miale's bad faith claim on the basis that it had a reasonable basis for denying her claim—notably, the Pennsylvania Supreme Court precedent of *Craley*. ECF No. 8 at 10; ECF No. 12 at 3. Ms. Miale contends that she has sufficiently pled factual allegations supporting her claim for bad faith because the RV Policy Stacking Waiver did not waive inter-policy stacking and Nationwide did not reconsider her claim and thus wrongfully denied the claim. ECF No. 11 at 8–10.

Although the fact-specific nature of a bad faith claim may render its dismissal at the Rule 12(b)(6) state inappropriate in some circumstances, it is well-established that a bad faith claim premised on a denial of coverage cannot exist when there is no coverage under an insurance policy. *See, e.g.*, *West v. CUNA Mut. Ins. Soc'y*, Civil Action No. 11-1259, 2012 U.S. Dist. LEXIS 19512, at *10 (W.D. Pa. Feb. 16, 2012) (Bissoon, J.); *Moses Taylor Found. v. Coverys & Proselect Ins. Co.*, No. 3:20-CV-00990, 2021 U.S. Dist. LEXIS 225185, at *14–15 (M.D. Pa. Nov. 22, 2021) (noting at the motion to dismiss stage that the dismissal of a breach of contract claim results in the

---

[4] Ms. Miale also references the implied covenant of good faith and fair dealing in her Complaint and Briefing in Count II. ECF No. 1-4 ¶¶ 27–29; ECF No. 11 at 9. It is unclear if she is seeking to articulate a separate claim on this basis. To the extent that she is, under Pennsylvania law, the implied covenant of good faith and fair dealing is considered a term of the insurance contract, and a claim for breach of the implied covenant of good faith and fair dealing cannot be a separate and distinct claim from the breach of contract claim, which is found in Ms. Miale's Count I. *See Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016); *Maronda Homes, LLC v. Motorists Mut. Ins. Co.*, No. 2:20-CV-01526-CCW, 2021 U.S. Dist. LEXIS 73388, at *14 (W.D. Pa. Apr. 16, 2021) (Wiegand, J.).

dismissal of a bad faith claim); *Palek v. State Farm Fire & Cas. Co.*, No. 20-170, 2020 U.S. Dist. LEXIS 154856, at *20 (W.D. Pa. Aug. 26, 2020) (Conti, J.) ("To the extent that plaintiffs' claim for bad faith is premised on [insurer's] denial of coverage, the resolution of the coverage claim on the merits… requires dismissal."). Here, Ms. Miale cannot state a claim for breach of contract because Mr. Miale waived stacking under the RV Policy, and her bad faith claim necessarily fails as well. The Court will not grant leave to amend the bad faith claim, because in light of the dismissal of the underlying breach of contract claim, amendment of the bad faith claim would also be futile.

### IV. Conclusion

For the reasons set forth above, Ms. Miale has failed to state a claim upon which relief may be granted, and Nationwide's Motion to Dismiss will be **GRANTED**. Ms. Miale's Complaint shall be dismissed with prejudice.

DATED this 27th day of December, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record